The opinion of the Court was delivered by

Mr. Justice Bay-

From the view which I have taken of the case, I am clearly of opinion there is nothing now to prevent petitioner’s discharge under our insolvent debtor’s law, upon taking the oath required by the act and complying with the other usual requisites of the same. Our insolvent debtor’s act, is a remedial law for unfortunate debtors who are incapable of paying their debts from misfortunes and losses in trade or otherwise, and ought to have a liberal construction. In all cases where a debtor gives up all his estate, real and personal, for the benefit of those to whom he stands indebted, he is entitled to his discharge. Rut in all cases where an actual fraud has been committed, and a debtor has concealed or sent away his goods or property, so as to place them beyond the reach of his creditors and to deprive them of their value, the law will not and ought not to screen him, or set him at liberty; as was determined in this court some years ago, in the case of Napier vs. Smith, who had Sent away twenty or thirty negroes, to East Florida, to place them out of the reach of his creditors. In that case, the court refused to discharge him until he sent on an agent and brought them back, and delivered them up. So, in the present case, although Mrs. Smith may have intended to conceal and withhold from the creditors, the six boxes and the rice cask of merchandize, and in a moral point of view may be said to have commuted a fraud; yet in alegal point of view the fraud was prevented, and the whole of the goods were given up and sold for the benefit of the creditors. An intent to do an illegal act will not in law constitute an offence, unless it is eventually perpetrated; and the jury in this case have only found by their verdict, that. *131 she had caused these goods to be taken away in the night time, with intent to defraud her creditors. They have-not convicted her of an actual fraud, nor could not, as the whole of the goods were eventually delivered up. I am, therefore, of opinion that this verdict of the jury, of itself, is not such a finding in law as will’ deprive her of the benefit of the act, after the testimony which has been given in this case in her favor.
Pepoon, for the motiop.
Frost, contra.
Mott, Gantt, Johnson, Justices, concurred.